1 | **BERGMAN & GUTIERREZ LLP**
2 | PENELOPE P. BERGMAN, ESQ., SBN 220452
  | penelope@b-g-law.com
3 | DEBORAH P. GUTIERREZ, ESQ., SBN 240383
  | deborah@b-g-law.com
4 | AMANDA L. GRAY, ESQ., SBN 244644
  | amanda@b-g-law.com
5 | 6100 Center Drive, Suite 1050
  | Los Angeles, California 90045
6 | T: (310) 893-6200; F: (310) 988-2930
7 |
8 | Attorneys for Plaintiff,
  | Monika Winslow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIKA WINSLOW, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; RESURGENT CAPITAL SERVICES, L.P.; and Does 1 – 10, inclusive,<br><br>Defendants. | Case No. CV14-02713- FMO(JEMx)<br><br>Hon. Fernando M. Olguin<br>Dept: 22<br><br>**FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: April 9, 2014 |

# COMPLAINT

COMES NOW Plaintiff MONIKA WINSLOW ("Plaintiff"), by and through her counsel, for her Complaint against Defendant BANK OF AMERICA, N.A. ("BANA") and RESURGENT CAPITAL SERVICES, L.P. ("Resurgent") (collectively "Defendants"), pleads as follows:

## I. STATEMENT OF THE CASE

1. On or around March 23, 2004, Plaintiff executed a promissory note ("Note") secured by a deed of trust ("Deed of Trust") for the finance of the real property located at 9327 Georgia Way, Chatsworth, California 91311 (Note and Deed of Trust collectively "Loan"). At all times relevant to this action and as detailed herein, Defendants were obligated to service Plaintiff's Loan.

2. On or about October 11, 2013, Plaintiff sent written correspondence pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) ("RESPA") to her servicer.

3. Defendants failed to provide any substantive response to Plaintiff's correspondence and failed to take necessary actions as required by RESPA. Through this action, Plaintiff seeks damages resulting from Defendants' unlawful conduct.

## II. JURISDICTION, VENUE, AND PARTIES

4. This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331 and 12 U.S.C. § 2605, which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

5. The unlawful conduct, illegal practices, and acts complained of involved real property that is located in the Central District of California. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

6. At all relevant times, Bank of America, N.A. was a national association organized under the laws of the United States with its main office in North Carolina.

7. At all relevant times, Resurgent Capital Services, L.P. was a limited partnership organized under the laws of Delaware with its main office in South Carolina.

8. Plaintiff is ignorant of the true identities and capacities of Defendants designated as Does 1 - 10, but will amend the Complaint when their identities have been ascertained according to proof within the time permitted. However, Plaintiff alleges on information and belief, that each and every Doe Defendant is in some manner responsible for the acts and conduct of the other Defendants, and were, and are, responsible for the injuries, damages, and harm incurred by Plaintiff. Plaintiff further alleges on information and belief that each such designated Defendant acted, and acts, as the authorized agent, representative, and associate of the other Defendants in doing the things alleged herein.

## **VIOLATION OF 12 U.S.C. § 2605 (RESPA)**

### **[Against BANA and Resurgent]**

9. On or around March 23, 2004, Plaintiff executed a Note and Deed of Trust in favor of Eagle Home Mortgage, Inc.

10. Plaintiff's Loan is secured by a first lien on residential real property upon which there is located a structure or structures designed principally for occupancy of from one to four families. Accordingly, Plaintiff's Loan is subject to the requirements of RESPA.

11. Plaintiff's Loan is also subject to RESPA because the lender of Plaintiff's Loan:

 a) was insured and regulated by the FDIC; and

 b) made or invested in residential real estate loans aggregating more than $1,000,000 per year.

12. On or around October 11, 2013, Plaintiff's agent sent the servicer of Plaintiff's Loan written correspondence that contained information identifying Plaintiff and Plaintiff's Loan.

13. Plaintiff's October 11, 2013 correspondence provided sufficient detail to identify the information she was seeking. Specifically, Plaintiff requested information pertaining to the servicing of the Loan, including: 1) the identy of previous servicers;

2) a breakdown of the current escrow charges showing how the charges were calculated and the reasons for any increase within the last 24 months; 3) a life of loan transactional history; 4) copies of collection notes and communication files; 5) a reinstatement quote; and 6) a payment history.  *See* **Exhibit "A,"** attached hereto is a true and correct copy of Plaintiff's October 11, 2013 written correspondence.

14. On or around October 17, 2013, Plaintiff's servicer confirmed receipt of her QWR, advising Plaintiff that it was "in the process of obtaining the documentation and information necessary to address your questions."  *See* **Exhibit "B,"** attached hereto is a true and correct copy of the October 17, 2013 correspondence.

15. In late 2013, Plaintiff was informed that Defendant Resurgent would assume the servicing rights and obligations of Plaintiff's Loan.

16. Pursuant to Part 1024 of RESPA, when the servicing of a loan is transferred, both the old and new servicers are obligated to ensure the transfer of accurate and timely information pertaining to Plaintiff's Loan.  *See* 12 CFR 1024.35.

17. Thus, for example, Defendants were required to:

    a) provide "all information and documents in the possession or control of the [transferor] servicer relating to a transferred mortgage loan to a transferee servicer in a form and manner that ensures the accuracy of the information and documents transferred and that enables a transferee servicer to comply with the terms of the transferee servicer's obligations to the owner or assignee of the mortgage loan and applicable law."  12 CFR 1024.38 (i); and

    b) "identify necessary documents or information that may not have been transferred by a transferor servicer and obtain such documents from the transferor servicer."  12 CFR 1024.38(ii).

18. Pursuant to 12 U.S.C. § 2605(e)(2)(B-C) and 12 CFR 1024 *et seq.*, in response to Plaintiff's QWR, Defendants were required to provide written explanation to Plaintiff of the following:

4
FIRST AMENDED COMPLAINT

      a) a statement of the reasons Defendant(s) believe Plaintiff's account is correct; and (2) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to Plaintiff; [OR]

      b) the information requested by Plaintiff or an explanation of why the information requested is unavailable or cannot be obtained; and (2) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to Plaintiff.

19. Defendants failed to provide any response to Plaintiff's written requests for information as required by 12 U.S.C. § 2605(e)(2)(B-C).

20. Plaintiff asserts that Defendants violated 12 U.S.C. § 2605(e) by their: (1) failure to respond to Plaintiff's written request; (2) failure to make appropriate corrections in Plaintiff's account, including the crediting of any late charges or penalties, and transmitting to Plaintiff a written notification of the correction; and (3) failure to protect Plaintiff's credit rating upon receipt of Plaintiff's written correspondence by furnishing adverse information regarding payment to credit reporting agencies as defined in section 603 of the Fair Credit Reporting Act, 15 U.S.C. § 1681(a).

21. In or around early 2014, Plaintiff began receiving communications from Shellpoint Mortgage Servicing, pertaining to the subject Loan. Based thereon, it appears that, in or around early 2014, the servicing rights of Plaintiff's Loan was transferred to Shellpoint Mortgage Servicing.

22. Pursuant to 12 U.S.C. § 2605(c), a transferor servicer is obligated to provide notice to a "borrower in writing of any assignment, sale or transfer of the servicing of the loan to any other person" no less than 15 days before the effective date of transfer. 12 U.S.C. § 2605(c).

23. To date, Plaintiff has not received any notice of transfer of the servicing of her Loan from Defendant(s) to Shellpoint Mortgage Servicing.

24. Plaintiff asserts that Defendant(s)' violation(s) of 12 U.S.C. § 2605(c) & (e) subjects Defendants to statutory damages, civil liability, penalties, attorneys' fees, and actual damages. *See* 12 U.S.C. § 2605.

25. As a direct and proximate result of Defendant(s)' conduct, Plaintiff has suffered <u>actual</u> pecuniary damages that include, but are not limited to, the over calculation and overpayment of interest on Plaintiff's Loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits, and attorneys' fees and costs, in an amount to be proven at trial. Moreover, Plaintiff does not know which entity holds the servicing rights to and obligations for her Loan.

WHEREFORE, Plaintiff prays as follows:

1. For compensatory, special, and general damages in an amount according to proof at trial;

2. For an order compelling Defendant to disgorge all amounts wrongfully taken from Plaintiff and returning the same to Plaintiff's interest thereon at the statutory rate from the date the funds were first received from Plaintiff;

3. For costs of suit incurred herein;

4. For reasonable attorneys' fees incurred; and

5. For such other and further relief as the Court may deem proper.

Dated: July 7, 2014 **BERGMAN & GUTIERREZ LLP**

By: */s/ Amanda L. Gray*
Penelope P. Bergman
Deborah P. Gutierrez
Amanda L. Gray
Attorneys for Plaintiff,
Monika Winslow

## DEMAND FOR JURY TRIAL

Plaintiff Monika Winslow hereby demands a trial by jury on all claims.

Dated: July 7, 2014     **BERGMAN & GUTIERREZ LLP**

By: */s/ Amanda L. Gray*
Penelope P. Bergman
Deborah P. Gutierrez
Amanda L. Gray
Attorneys for Plaintiff,
Monika Winslow

-1-

## Certificate of Service

    I, Amanda L. Gray, attorney of record in this matter, hereby certify that on July 7, 2014, in accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Central District of California, service of a true and correct copy of this document was accomplished pursuant to ECF electronic delivery.

                                                         By:   */s/ Amanda L. Gray*
                                                                             AMANDA L. GRAY